# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| DALE F. WILLIAMS, | : | | |
| and MISTY L. WILLIAMS | : | | |
| | : | | |
| Plaintiffs, | : | Civil Action No.: | 13-02068 (RC) |
| | : | | |
| v. | : | Re Document Nos.: | 12, 13 |
| | : | | |
| WELLS FARGO BANK N.A., *et al.*, | : | | |
| | : | | |
| Defendants. | : | | |

## MEMORANDUM OPINION

### GRANTING LEHMAN BROTHERS' & SASCO'S MOTION TO DISMISS FOR IMPROPER VENUE; AND FINDING AS MOOT ALL OTHER MOTIONS PENDING IN THIS CASE

## I. INTRODUCTION

Plaintiffs Dale F. Williams and Misty L. Williams (collectively, "Plaintiffs"), who are proceeding *pro se*, bring this lawsuit against five defendants: Wells Fargo Bank, National Association ("Wells Fargo"), Americas Servicing Company ("ASC"), U.S. Bank National Association ("U.S. Bank"), Lehman Brothers Holdings, Inc. ("Lehman Brothers"), and Structured Asset Securities Corporation ("SASCO") (collectively, "Defendants"). *See* Compl., Dec. 31, 2013, ECF No. 1, at 1. The Plaintiffs allege that the Defendants violated a Consent Judgment previously issued by this Court, as well as the Plaintiffs' due process rights, thereby intentionally inflicting emotional distress upon the Plaintiffs. *See id.* at 24, 29. The Plaintiffs seek "equitable relief, statutory damages, actual damages, reasonable attorney's fees, and costs" equal to $3,000,000, as well as an injunction against any foreclosure of their property. *See id.* at 25, 36-38.

On March 13, 2014, Lehman Brothers and SASCO moved to dismiss the Complaint for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3) and for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6); alternatively, they also moved to transfer this case to another venue pursuant to 28 U.S.C. § 1404(a). *See* Lehman Brothers and SASCO's Motion to Dismiss ("Defendants' Motion"), ECF No. 12, Mar. 13, 2014, at 1. Upon consideration of Lehman Brothers and SASCO's motion and the Plaintiffs' opposition to this motion, the Court concludes for the reasons discussed below that venue is improper and dismisses the action pursuant to 28 U.S.C. § 1406(a).

## II. FACTUAL BACKGROUND

The Plaintiffs' Complaint provides the factual allegations outlined below. Plaintiffs are homeowners, whose property is located in the town of Lake Worth within Palm Beach County, Florida. *See* Compl., ECF No. 1, at 1-2, 68. Plaintiffs originally obtained a mortgage in January 2006 through New Century Mortgage Corporation. *See id.* at 4. Plaintiffs show that they signed a mortgage agreement with New Century Mortgage Corporation in Palm Beach County, Florida, *see id.* at 83, and that they signed an "Adjustable Rate Balloon Note" in Lake Worth, Florida, *see id.* at 94.

New Century Mortgage Corporation ceased its operations in Florida on October 19, 2007, and "assigned" the Plaintiffs' mortgage to U.S. Bank and Wells Fargo. *See id.* at 4, 10. Wells Fargo also did business under the name ASC during subsequent transactions. *See id.* at 15. New Century Mortgage Corporation later "assigned" the Plaintiffs' mortgage and note to Lehman Brothers, which subsequently pledged the note as collateral to SASCO. *See id.* at 16. These entities are located in the following states: Wells Fargo, California; ASC, California; U.S. Bank, Massachusetts; Lehman Brothers, New York; SASCO, New York. *See id.* at 1.

2

The crux of the Plaintiffs' Complaint is that the Plaintiffs have been making mortgage payments to the wrong entity due to the confusion regarding New Century's assignment of their mortgage. *See id.* at 14. Plaintiffs argue that allowing the Defendants to enforce the mortgage violates a previously issued Consent Judgment, entered into by Wells Fargo and several other banks in *United States v. Bank of America Corp., et al.*, No. 12-0361 (D.D.C. Apr. 4, 2012). *See* Compl., ECF No. 1, at 24-25. Plaintiffs also assert that the Defendants lack standing to enforce the mortgage because none of the Defendants have ownership interest in the note and have not proved possession of the note. *See id.* at 15-16. Additionally, Plaintiffs allege that this enforcement constitutes a deprivation of their due process rights and that, by enforcing in this manner, Defendants intentionally inflicted emotional distress upon them. *See id.* at 24, 29.

## III. ANALYSIS

### A. Legal Standard

Federal Rule of Civil Procedure 12(b)(3) provides a basis for dismissing a complaint for improper venue. *See* Fed. R. Civ. P. 12(b)(3). "To prevail on a motion to dismiss for improper venue, the defendant must present facts that will defeat the plaintiff's assertion of venue." *Ananiev v. Wells Fargo Bank, N.A.*, 968 F. Supp. 2d 123, 129 (D.D.C. 2013) (internal citations omitted). However, the burden remains on the plaintiff to prove that venue is proper when an objection is raised, "since it is the plaintiff's obligation to institute the action in a permissible forum." *McCain v. Bank of America*, No. 13-1418, 2014 U.S. Dist. LEXIS 11499, at *10 (Jan. 30, 2014); *see also* 14D Charles Alan Wright et al., Federal Practice and Procedure § 3826 (3d ed. 2012) ("[W]hen [an] objection has been raised, the burden is on the plaintiff to establish that the district he chose is a proper venue."). In determining if venue is proper, courts must accept the plaintiff's well-pled factual allegations as true, resolve any factual conflicts in the plaintiff's

favor, and draw all reasonable inferences in favor of the plaintiff. *See Hunter v. Johanns,* 517 F. Supp. 2d 340, 342 (D.D.C. 2007); *Davis v. Am. Soc'y of Civil Eng'rs,* 290 F. Supp. 2d 116, 121 (D.D.C. 2003). The court need not accept the plaintiff's legal conclusions as true, *2215 Fifth St. Assocs. v. U–Haul Int'l, Inc.,* 148 F. Supp. 2d 50, 54 (D.D.C. 2001), but the defendant must also present facts that will defeat the plaintiff's assertion of venue in order to prevail on the motion, *Hunter,* 517 F. Supp. 2d at 342. If venue is improper, district courts are required to "dismiss, or if it be in the interest of justice, transfer" a case pursuant to the federal venue statute, 28 U.S.C. § 1406(a). The decision whether to transfer or dismiss "rests within the sound discretion of the district court." *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 789 (D.C. Cir. 1983) (internal citations omitted).

### B. Improper Venue

Lehman Brothers and SASCO argue that venue is improper because none of the defendants reside in Washington, D.C. and the events giving rise to the action occurred in Florida. *See* Def.'s Mot., ECF No. 12-1, at 6. Venue is proper in a district where the defendant resides if all defendants are residents of the State in which the district is located pursuant to 28 U.S.C. § 1391(b)(1), in a district where events giving rise to the claim took place pursuant to 28 U.S.C. § 1391(b)(2), or if there is no district in which an action may otherwise be brought, a district in which any defendant is subject to the court's personal jurisdiction with respect to such action pursuant to 28 U.S.C. § 1391(b)(3). The Supreme Court has held that "[w]hether venue is 'wrong' or 'improper' depends exclusively on whether the court in which the case was brought satisfies the requirements of the federal venue laws." *Atl. Marine Constr. Co. v. United States Dist. Court*, 134 S. Ct. 568, 577 (2013).

Lehman Brothers and SASCO argue that venue cannot be justified under 28 U.S.C. § 1391(b)(1) because none of the Defendants reside in Washington, D.C. *See* Def.'s Mot., ECF No. 12-1, at 6. The Plaintiffs do not address these assertions in their opposition memorandum.[1] *See generally* Pl.'s Mem. in Opp'n, ECF No. 14, Apr. 8, 2014, at 2-4. It is clear, however, from the Complaint that the Plaintiffs do not allege that any Defendant resides in Washington, D.C. *See* Compl., ECF No. 1, at 1 (listing Defendants addresses as being in California, Massachusetts, and New York). Based on this determination, 28 U.S.C. § 1391(b)(1) cannot be used as a basis to assert that venue is proper, as this district is not one in which any defendant resides, nor do all Defendants reside in the District of Columbia.

Next, Lehman Brothers and SASCO argue that 28 U.S.C. § 1391(b)(2) is not a basis for venue because the events giving rise to the action occurred in Florida. *See* Def.'s Mot., ECF No. 12-1, at 6. The Plaintiffs' Complaint does not allege any facts suggesting that the home's purchase or financing took place in the District of Columbia. *See generally* Compl., ECF No. 1. On the contrary, the Complaint shows that the property at issue is in Lake Worth, Florida, *see id.* at 68; that the mortgage agreement was signed in Palm Beach County, Florida, *see id.* at 83; and that the "Adjustable Rate Balloon Note" was signed in Lake Worth, Florida, *see id.* at 94. Nevertheless, Plaintiffs argue that venue is proper based on the Defendants' violation of an earlier, unrelated Consent Judgment. *See id.* at 2. But this Court has previously held that the Consent Judgment is not a basis for proper venue. *See, e.g.*, *Conant v. Wells Fargo Bank, N.A.*, No. 13-572, 2014 U.S. Dist. LEXIS 19154, at *38 (D.D.C. Feb. 14, 2014) (finding venue was

---

[1] Plaintiffs assert that the doctrine of *res ipsa loquitor* is applicable in this matter and can be used as a basis for justifying venue. *See* Pl.'s Mem. in Opp'n, ECF No. 14, Apr. 18, 2014, at 3. However, *res ipsa loquitor* is a common law doctrine used in negligence actions concerning a defendant's liability. As the Complaint does not assert a negligence claim, this argument is irrelevant for determining if venue is proper.

improper when an individual home owner attempted to enforce obligations imposed upon the parties to the Consent Judgment). In other words, "reliance on the Unrelated Consent Judgment as the basis for venue in the District of Columbia is simply misplaced." *McCain*, 2014 U.S. Dist. LEXIS 11499, at *21. And this Court agrees with those prior holdings.

Finally, if there is no other district in which venue is appropriate, venue is proper in "any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b)(3). In this action, venue would be proper in the Southern District of Florida because the property at issue is located in Palm Beach County. Because there is another district in which venue would be appropriate, the Court need not determine if the requirements of personal jurisdiction have been met with respect to the Defendants. *See McCain*, 2014 U.S. Dist. LEXIS 11499, at *19-20 (finding that a court need not determine if personal jurisdiction exists for the purposes of 28 U.S.C. § 1391(b)(3) when another district was appropriate).

In sum, it is clear that venue is improper in this case because none of the defendants reside in the District of Columbia, the property at issue is not located in the District of Columbia, and the home's financing did not take place in the District of Columbia. Furthermore, the unrelated Consent Judgment cannot be used as a basis for venue in the instant case. The Court therefore concludes that venue in this jurisdiction is improper.

**C. Dismissal**

Lehman Brothers and SASCO argue that Plaintiffs' Complaint should be dismissed for lack of venue in the interest of justice. *See* Def.'s Mot., ECF No. 12-1, at 6-7. After a court has determined that venue is improper, it is required to "dismiss, or if it be in the interest of justice, transfer" a case pursuant to the federal venue statute, 28 U.S.C. § 1406(a). The decision whether

6

to transfer or dismiss "rests within the sound discretion of the district court." *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 789 (D.C. Cir. 1983) (internal citations omitted). Although the "interest of justice" generally requires courts to transfer cases rather than dismiss them, *see Goldlawr, Inc. v. Heiman,* 369 U.S. 463, 466–67 (1962); *Darby v. U.S. Dep't of Energy*, 231 F. Supp. 2d 274, 277 (D.D.C. 2002), dismissal is appropriate when transfer of the case "would only 'delay the inevitable' and [would] not be 'in keeping with the Supreme Court's instruction to the lower federal courts to weed out insubstantial suits expeditiously.'" *McCain v. Bank of America*, No. 13-1418, 2014 U.S. Dist. LEXIS 11499, at *23 (citing *Simpkins v. District of Columbia*, 108 F.3d 366, 370 (D.C. Cir. 1997)); *see also Buchanan v. Manley,* 145 F.3d 386, 389 n.6 (D.C. Cir. 1998) (finding that dismissal was proper when there were "substantive problems" with the plaintiff's claims).

A review of the Plaintiffs' Complaint makes clear that there are substantive problems with the two causes of action asserted. Plaintiffs first assert an enforcement action against the Defendants, claiming that they violated the Consent Judgment. *See* Compl., ECF No. 1, at 24. "Enforcement actions regarding the Consent Judgment, however, may only be brought by a 'Party to this Consent Judgment or the Monitoring Committee.'" *Conant*, 2014 U.S. Dist. LEXIS 19154, at *38 (holding that individual mortgagees were not parties to the Consent Judgment); *see also McCain*, 2014 U.S. Dist. LEXIS 11499, at *20 (holding that the Consent Judgment "simply does not create a private right of action"). Here, Plaintiffs are individual mortgagees who were not parties to the Consent Judgment nor were they members of the Monitoring Committee. *See* Compl., ECF No. 1, at 2-3. Accordingly, Plaintiffs' claims relating to the violations of the Consent Judgment would fail if transferred.

Plaintiffs also allege that the Defendants violated their due process rights when the Defendants took possession of the property's note, but this allegation also has significant substantive problems.[2] *See id.* at 31. Specifically, "[i]n order to trigger the Due Process Clause of the Fourteenth Amendment, or a comparable federal action to invoke the Fifth Amendment, there must be a state action." *Simms v. District of Columbia*, 699 F. Supp. 2d 217, 224 (D.D.C. 2010) (internal citations omitted). The Due Process Clause does not protect against "private conduct, however discriminatory or wrongful." *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 349 (1974); *see also United States v. Prop. Identified as Lot Numbered 718,* 983 F. Supp. 9, 11 (D.D.C. 1997) ("While [plaintiff] may face eviction if her lender forecloses on the residence, that 'seizure' by a strictly private actor does not trigger the due process clause."). Here, Wells Fargo, ASC, U.S. Bank, Lehman Brothers, and SASCO are all private entities. *See McCain*, 2014 U.S. Dist. LEXIS 11499, at *40-41 (dismissing due process claim brought against non-state actor). As no state action exists in the instant case, the Plaintiffs' due process claim would also fail if transferred. The Court therefore concludes that transferring this action to a proper venue would only "delay the inevitable" and therefore dismisses the Plaintiffs' claims for lack of venue.[3]

---

[2] Plaintiffs also assert a claim for intentional infliction of emotional distress in their second cause of action. *See* Compl., ECF No. 1, at 29. This allegation, however, fails to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). Specifically, Plaintiffs make a singular allegation that "the Defendants intentionally inflicted emotional distress knowing that they and their client and co-conspirators do not have standing to claim a legitimate interests in [the Plaintiffs'] residence." *Id.* Even if the Court recognized this legal conclusion as true, it would fail because the allegation is factually deficient. For example, no facts are alleged regarding Defendants' extreme or outrageous conduct nor are any facts alleged regarding a causal relationship between that conduct and the severe emotional distress suffered by the Plaintiffs. *See Morris v. Carter Global Lee, Inc.*, No. 12-01800, 2013 WL 5916816, at *10 (D.D.C. Nov. 5, 2013) (dismissing intentional infliction of emotional distress claim when the plaintiff's allegations "did not rise to the level of severe and outrageous conduct").

[3] Also pending before the Court is a motion by Lehman Brothers and SASCO to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on similar grounds.

8

## IV.  CONCLUSION

For the foregoing reasons, the Court grants the Defendants' motions to dismiss for improper venue. An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated:  June 26, 2014                                                          RUDOLPH CONTRERAS
                                                                               United States District Judge

---

*See* Def.'s Mot., ECF No. 12-1, at 1. Because the Court is dismissing the action for lack of venue, it need not address Lehman Brothers and SASCO's argument that the Plaintiffs failed to state a claim upon which relief can be granted. Separately, Wells Fargo and U.S. Bank also moved to dismiss the Complaint pursuant to Rule 12(b)(6). *See* Wells Fargo and U.S. Bank's Motion to Dismiss, ECF No. 13, Mar. 13, 2014, at 1. The Court denies this motion as moot.